## SHIPMAN & ELDARTS *vs.* COMMISSIONERS OF CROWN LANDS *et al.*

### IN EQUITY. BEFORE McCULLY, J.

### AUGUST, 1882.

Plaintiffs, as lessees of a sea-fishery, ask for an injunction against trespass and fishing by defendants; on the ground that some of defendants are insolvent and could not respond in damages, and because to sue for damages would occasion multiplicity of suits:

Held, that no irreparable damage to the fishery is shown: and plaintiffs have an adequate remedy at law both by an action for damages, and also, under §396, Civil Code, by a criminal proceeding.

Injunction refused.

### DECISION OF McCULLY, J.

The complainants set forth that they are the lessees by proper assignments of a lease made by the Crown Land Com-

missioners of the Ahupuaa of Waiakea, and exhibit the lease. This demises the Ahupuaa or land of Waiakea, according to metes and bounds, and containing an area of 95,128 acres. From this are reserved four acres which may be selected by the Government for a wharf lot, "not to interfere, however, with any fish pond or place for collecting spawn of mullet;" also reserving a certain portion which had been included in "the Weltse survey of Humuula," but with the privilege of leasing this portion when an existing lease should expire, and also reserving a lot previously leased by survey, containing three acres and seven rods, and excepting the timber trees, "to have and to hold all and singular the said premises above mentioned and described, with the appurtenances, except as before excepted." Where this land touches the sea, in Hilo Bay, the boundary is "to high water mark, sea shore, thence along sea shore in an easterly direction 818 feet, etc."

The complainant alleges that all the fishing rights appurtenant to Waiakea passed by the lease as appurtenances, not reserved, and that the complainants went into possession of the same in the month of September, 1877, and enjoyed the possession thereof till the month of —————, 1881, when their rights were interfered with by the defendant Judd, then and now Commissioner and agent for Crown Lands, who gave verbal license and privilege of free fishery to the defendant Spencer and to all the inhabitants of Hilo and Waiakea; since when, many inhabitants of Hilo and Waiakea, whose names are unknown to complainants, have fished, and the defendant Spencer has procured large nets, one of which he has leased to defendant Mahoe for half the fish caught, and that Mahoe has commenced his fishing. That complainants have notified and warned all parties against trespass on this fishery without avail. That complainants had previously enjoyed a revenue of about $300 per year, of which they are now deprived.

The bill avers that a suit at law would be unavailing against said trespassers upon their fishery rights aforesaid, because of a multiplicity of suits, and because all of those whose names are

known to complainants are insolvent and incapable of responding in damages, and because a suit against one or many defendants will not prevent the trespass (of others), nor can there be an adequate remedy in damages; that if said trespasses are suffered to be continued, the injury will be irreparable, and that their only remedy is in equity and a writ of injunction to stay the continued trespass on their fishing rights, and prays for such injunction.

The defendant, Crown Land Commissioner Judd, answers denying the right of the complainants to the fishery. The defendant Mahoe answers that he is a tenant of and lives on the Ahupuaa of Waiakea, and as such tenant has a right to fish and has only fished according to his right. The defendant Spencer is in Court, but makes no answer, and no other parties are cited.

The complainants adduce no evidence except that of Mahoe, who reports that he is a tenant, states that he has made a haul of fish with a seine of defendant Spencer and gave him half the proceeds. He has lived in Waiakea forty or fifty years, and there is some other testimony as to the extent of the fishery and the ownership of that part in which he hauled the seine, which, in the view I take of the case, need not be repeated here, and of defendant Spencer that he furnished the seine to Mahoe. Defendant Judd also stated that he had given license to the public to fish in the sea-fishery of Waiakea. No names of other trespassers are given, or of other acts of trespass, except the general statement by Mahoe that it is now considered that the fishery is free.

What ground is shown by the bill and testimony for issuing the injunction prayed for?

As against the defendant Mahoe, he is a tenant and has a right to fish, subject to the right of the Konohiki to reserve one species of fish. Civil Code, Sections 387 to 391.

The defendant Spencer has not fished at all. The defendant Judd has not fished, and no other parties are before the Court.

Furthermore, how are the grounds upon which an injunction

is prayed for, sustained? There is no proof offered to show that the parties defendant are insolvent, any one of them, that they may not respond in damages.

It is not shown in any manner that an irreparable damage is being done to the fishery. Courts of Equity will grant injunction, for instance, when a mere trespasser digs into and works a mine to the injury of the owner, because it operates a permanent injury to the property as a mine. So when there is a dispute respecting the boundaries of an estate and one of the claimants is about to cut down ornamental or timber trees in the disputed territory. And in all cases of timber, coals, ores and quarries, when the party is a mere trespasser, or when he exceeds the limited rights with which he is clothed, upon the ground that the acts are or may be an irreparable damage to the particular species of property. Story's Eq. Jur., Sec. 929; except to stay waste or prevent some irreparable mischief, an injunction is only issued as ancillary to some primary equity. *Schofield vs. Van Bokkelen*, 5 Jones Eq., 342.

But no testimony, no observation of counsel, and nothing known to the Court shows that the trespass, if it is such, upon the fishery claimed by complainants does it an irreparable injury; that the fishery is thereby impaired or destroyed for the future. It is an ocean fishery in the open sea of Hilo Bay, and it is not offered to be shown that it will not be as much the resort of fish when the hauls cease as before.

Besides irreparable damage, it is alleged that there is not an adequate remedy at law. This is not correct, for the remedy at law by actions of trespass is constantly pursued in the Courts of this Kingdom, and the right in fishing grounds ascertained and protected thereby. Section 396 of the Civil Code expressly gives District Justices jurisdiction to try, and punish by imposition of a fine, any tenant or other person who shall wilfully deprive any Konohiki of his fishing rights. This is in addition to the general right of civil action in consequence of any injury direct or consequential to plaintiff's property. In such action the right of these complainants to this fishery by

the terms of their lease may be raised and determined. So it seems to me the complainants fail in any case and against any parties to make a case for injunction on this ground also.

Upon these considerations, touching first the proofs shown as to these parties defendant, and secondly as to the remedy by injunction on the legal grounds set forth, the prayer of the bill is denied.

*W. Claude Jones,* for plaintiffs.

*E. Preston,* for defendants.

Honolulu, August 5th, 1882.